IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BAKKEN CONTRACTING, LLC, d/b/a BC Contracting,<br><br>               Plaintiff(s),<br><br>    vs.<br><br>THE VENUE AT WERNER PARK, LLC,<br><br>        Defendant/Third-Party Plaintiff,<br><br>    vs.<br><br>WESTERN SURETY COMPANY,<br><br>        Third-Party Defendant.<br><br>BAKKEN CONTRACTING, LLC, d/b/a BC Contracting,<br><br>        Third-Party Plaintiff,<br><br>    vs.<br><br>SEAN NEGUS CONSTRUCTION, LLC; R2 PLUMBING, LLC; GRAND RAPIDS POURED WALLS, INC., d/b/a Cherry Valley Concrete; and MAHONEY FIRE SPRINKLER, INC.,<br><br>        Third-Party Defendants<br><br><br>GERSHMAN INVESTMENT CORP.,<br><br>        Plaintiff in Interpleader,<br><br>    vs.<br><br>BAKKEN CONTRACTING, LLC, d/b/a BC CONTRACTING; THE VENUE AT WERNER PARK, LLC; WESTERN SURETY COMPANY; SEAN NEGUS CONSTRUCTION, LLC; R2 PLUMBING, LLC; GRAND RAPIDS POURED WALLS, INC., d/b/a CHERRY VALLEY CONCRETE, and MAHONEY FIRE SPRINKLER, INC.,<br><br>        Defendants in Interpleader. | **8:21CV269**<br><br>**ORDER REGARDING PLAINTIFF-IN-INTERPLEADER'S MOTION FOR ORDER AWARDING ATTORNEY FEES**<br><br>**AND**<br><br>**PLAINTIFF-IN-INTERPLEADER'S MOTION FOR COURT TO CONSIDER AFFIDAVIT AND BRIEF IN SUPPORT OF MOTION FOR ORDER AWARDING ATTORNEY FEES** |

1

This litigation originated as a lawsuit by a contractor to recover payment from a developer for construction of a U.S. Department of Housing and Urban Development (HUD) financed apartment complex and related structures in Papillion, Nebraska, known as The Venue at Werner Park (the Project). It now embroils many more parties, counterclaims, and third-party claims. It also involves an interpleader claim that has been substantially resolved. Indeed, what remains of the interpleader claim is the Plaintiff-in-Interpleader's Motion for Order Awarding Attorney Fees for its Counsel from Funds Held in Court Registry. Filing 145.

Defendant-in-Interpleader Bakken Contracting, LLC, filed an Opposition asserting *inter alia* that the Plaintiff-in-Interpleader's Motion for Order Awarding Attorney's Fees must be denied—albeit without prejudice—for failure to comply with applicable Federal Rules of Civil Procedure and local rules. Filing 147 at 2. Belatedly acknowledging the deficiencies in its original Motion, Plaintiff-in-Interpleader filed a Motion for Court to Consider Affidavit and Brief in Support of Its Motion for Order Awarding Attorney Fees. Filing 154. In that Motion, Plaintiff-in-Interpleader asks that the Court also schedule new response and reply deadlines so that Defendant-in-Interpleader will have an opportunity to oppose or otherwise respond to the now-complete request for attorney fees. Filing 154 at 2. The Court agrees that the course proposed by Plaintiff-in-Interpleader is appropriate to resolve this matter fairly and efficiently.

Accordingly,

IT IS ORDERED that Plaintiff-in-Interpleader's Motion for Court to Consider Affidavit and Brief in Support of Its Motion for Order Awarding Attorney Fees, Filing 154, is granted as follows:

1. Plaintiff-in-Interpleader's Motion for Order Awarding Attorney Fees for its Counsel from Funds Held in Court Registry, Filing 145, is deemed supplemented by the Affidavit of Counsel, Filing 154-1, and Brief, Filing 155;

2. Defendant-in-Interpleader shall have to and including April 5, 2024, to file an Opposition or other response to the Motion for Award of Attorney Fees as supplemented; and

3. Plaintiff-in-Interpleader shall have to and including April 12, 2024, to file any reply.

Dated this 22nd of March, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge