IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BAKKEN CONTRACTING, LLC, d/b/a BC Contracting,<br><br>    Plaintiff,<br><br> vs.<br><br>THE VENUE AT WERNER PARK, LLC,<br><br>    Defendant/Third-Party Plaintiff,<br><br> vs.<br><br>WESTERN SURETY COMPANY,<br><br>    Third-Party Defendant.<br><br><br>BAKKEN CONTRACTING, LLC, d/b/a BC Contracting,<br><br>    Third-Party Plaintiff,<br><br> vs.<br><br>R2 PLUMBING, LLC; and GRAND RAPIDS POURED WALLS, INC., d/b/a Cherry Valley Concrete<br><br>    Third-Party Defendants | 8:21CV269<br><br><br><br><br><br><br><br>**ORDER SETTING TIME LIMITS AND ALLOCATING TIME FOR TRIAL** |

   This matter is before the Court upon review of the Final Pretrial Conference Order, Filing 206, for the jury trial set to commence at 9:00 a.m. on Monday, September 9, 2024. *See* Filing 194 (Amended Trial Setting Order). This Order addresses the allocation of time for voir dire set out in § F. of the Final Pretrial Conference Order, Filing 206 at 27; the parties' requests and estimates for the length of trial set out in § J. of the Final Pretrial Conference Order, Filing 206 at 28; and most importantly the allocation of trial time. In addressing the parties' requests and estimates and making the time allocations below, the Court is mindful of Federal Rule of Civil Procedure 1,

1

concerning the scope and purpose of the Federal Rules of Civil Procedure, which states that the United States districts courts must construe the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

More specifically, "[t]rial management decisions are within the court's discretion and are reversed only for an abuse of discretion." *Jackson v. Allstate Ins. Co.*, 785 F.3d 1193, 1203 (8th Cir. 2015) (quoting *Harris v. Chand*, 506 F.3d 1135, 1141 (8th Cir. 2007)). A trial judge has a "large degree of discretion" to control the examination of witnesses. *Massen v. Lucier*, 961 F.2d 717, 719 (8th Cir. 1992) (quoting *Skogen v. Dow Chem. Co.*, 375 F.2d 692, 704 (8th Cir. 1967)). An example of that discretion is set out in Federal Rule of Evidence 611, which obliges the Court to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611; *see also Indus. Risk Insurers v. D.C. Taylor Co.*, No. 06-CV-171-LRR, 2008 WL 11509789, at *8 (N.D. Iowa June 5, 2008) (relying on Rule 611 as justifying limitations on attorneys on direct and cross-examination by more than one attorney). Similarly, trial courts are allowed to exercise their discretion to limit the time to present evidence, *Harris*, 506 F.3d at 1141, as well as the authority to limit the length of time allowed counsel for argument to the jury. *Joplin v. Denver-Chicago Trucking Co.*, 329 F.2d 396, 397 (8th Cir. 1964). The Court has applied these principles to the parties' requests and estimates.

The Court begins with § F. Voir Dire, which indicates that counsel will receive twenty (20) minutes per party to conduct voir dire. Filing 206 at 27. Section II.B. of the Court's Civil Jury Trial Deadlines and Practices likewise provides counsel shall "receive twenty (20) minutes per party to conduct voir dire." With five separate parties, that results in 100 minutes of voir dire by counsel, which is more than double the amount of time in most trials. Moreover, where plaintiff

BCC and third-party defendant Western Bond are represented by the same counsel, the Court does not believe that Western Bond needs to be allocated any separate time for voir dire. The Court also believes that ten minutes is sufficient time for voir dire for R2 Plumbing and Cherry Valley Concrete because of the limited claims against them. Therefore, the Court will allow BCC and The Venue twenty minutes each for voir dire and will allow R2 Plumbing and Cherry Valley Concrete ten minutes each for voir dire, for a total of 60 minutes. The Court still expects jury selection to be completed before or as soon after 12:00 p.m. as possible on Monday, September 9, 2024.

In the Final Pretrial Conference Order, the parties have not stated any time limits for opening statements or closing arguments. Section II.D. of the Court's Civil Jury Trial Deadlines and Practices provides that "each party," ordinarily meaning each side, "is allotted up to thirty (30) minutes for opening statements." The Court deems thirty minutes for opening statements by plaintiff BCC and defendant The Venue to be appropriate. However, the Court believes that thirty minutes is excessive for Western Bond—particularly if claims on the bond are bifurcated for trial as anticipated and where Western Bond is represented by the same counsel as BCC. Therefore, unless Western Bond files a motion not later than the close of business on August 26, 2024, showing good cause why it should be allocated a separate amount of time for an opening statement, Western Bond will not be allocated any time for an opening statement. The Court believes that thirty minutes is also excessive for opening statements by R2 Plumbing and Cherry Valley Concrete. The claims against them are narrower than the claims between BCC and The Venue and also involve more limited facts. Therefore, unless R2 Plumbing or Cherry Valley Concrete files a motion not later than the close of business on August 26, 2024, showing good cause why it should be allocated more time for opening statements, R2 Plumbing and Cherry Valley Concrete will each have fifteen (15) minutes for opening statements.

Next, as to closing arguments, § II.D. of the Court's Civil Jury Trial Deadlines and Practices provides that "each party," ordinarily meaning each side, "will receive thirty (30) minutes . . . for closing argument" and that "Plaintiff may reserve up to fifteen (15) minutes for rebuttal." In the Court's experience, closing arguments longer than 30 minutes, even in complicated cases, are counterproductive and a disservice to the jurors. Thus, BCC and The Venue shall each be allotted thirty (30) minutes for closing arguments, of which BCC may reserve up to fifteen (15) minutes for rebuttal. Also, for the same reason that the Court believes that Western Bond should not be allocated any time for opening statements, the Court believes that Western Bond should not be allocated any time for closing arguments. Also, for the same reasons that the Court believes that R2 Plumbing and Cherry Valley Concrete should be allocated less time for opening statements, the Court will allocate them fifteen (15) minutes each for closing arguments. To request time or more time for closing arguments, Western Bond, R2 Plumbing, or Cherry Valley Concrete must file a motion not later than the close of business on August 26, 2024, showing good cause why they should be allocated time or more time for closing arguments.

Turning to the Final Pretrial Conference Order § J. Length of Trial, "Counsel estimate the length of trial will consume not less than eight (8) days, not more than ten (10) days, and probably about ten (10) days." Filing 206 at 28. The Court finds this estimate to be excessive in light of the needs of the case. Upon reviewing the pleadings, numerous filings, and potential evidence in this case, the Court concludes ten days for trial significantly overstates the time necessary to appropriately try this matter. Secondly, the Court's available time does not allow for a trial to spill over into the week of September 23, 2024, if trial time is not used efficiently. The Court currently has seven criminal cases set for jury trial beginning on either Monday or Tuesday, September 23 or 24, 2024, and there is a significant chance that at least one of those cases set for trial will not resolve and will need to proceed to a jury trial.

4

Given these considerations, the Court will limit the presentation of evidence to begin after opening arguments on Monday, September 9, 2024, and run until approximately 4:30 p.m. on Friday, September 13, 2024. Presentation of evidence will resume at 9:00 a.m. on Monday, September 16, 2024, and continue until approximately 12:00 p.m. on Thursday, September 19, 2024, with jury instructions and closing arguments after the lunch recess that day. This trial schedule will leave the Court with some leeway to afford the parties the eight full trial days the Court is willing to allocate to them—if actually needed—by allowing presentation of evidence to continue into the afternoon on September 19, 2024. The Court will meet with the parties at 8:30 a.m. on the first day of trial for a conference, and jury selection will begin at 9:00 a.m. It is possible if not likely that the Court will order further conferences with the parties outside the hearing of the jury at 8:30 a.m. on other trial days. Trial days with the jury will run 9:00 a.m. to 12:00 p.m. and 1:00 p.m. to approximately 4:30 p.m., with one fifteen (15) minute recess in the morning and another in the afternoon. This schedule allows for 6 hours per day for trial, with one day split between the afternoon of Monday, September 9, 2024, and the morning of Thursday, September 19, 2024. The Court reserves one-half day for jury selection on the morning of September 9, 2024; additional time on the afternoon of September 9, 2024, for opening statements; and up to a half day on the afternoon of September 19, 2024, for jury instructions and closing arguments. Thus, the Court allocates eight (8) full days, or a total of forty-eight (48) hours, for presentation of evidence.

Time for presentation of evidence will be charged against the party examining or cross-examining a witness. The Court concludes that it is appropriate to allocate equal time to BCC and The Venue for the presentation of evidence and less time to R2 Plumbing and Cherry Valley Concrete, for the reasons previously stated. At this time, the Court does not believe that Western Bond requires the allocation of time for presentation of evidence separate from BCC. Therefore,

5

BCC and The Venue shall each have eighteen (18) hours for presentation of evidence, and R2 Plumbing and Cherry Valley Concrete shall each of six (6) hours for presentation of evidence. BCC may reserve up to four (4) hours of its time to present rebuttal evidence, and if BCC does so, The Venue may reserve up to one-half the amount of time BCC reserves for cross-examination of rebuttal witnesses, and R2 Plumbing and Cherry Valley Concrete may each reserve up to one hour but not to exceed one-half the time BCC reserves for cross-examination of rebuttal witnesses. The Courtroom Deputy, Tracy McKibben, will provide the parties with daily tallies of the time they have used. Because of the limited time available for presentation of evidence, the parties are strongly encouraged to work out evidentiary disputes prior to trial.

Accordingly, notwithstanding any different terms of the Final Pretrial Conference Order, [Filing 206](), or the Court's Civil Jury Trial Deadlines and Practices,

IT IS ORDERED as follows:

1. Counsel for BCC and The Venue are each allotted twenty minutes for voir dire, and R2 Plumbing and Cherry Valley Concrete are each alleged ten minutes for voir dire, for a total of 60 minutes.

2. Counsel for BCC and The Venue are each allotted up to thirty (30) minutes for opening statements, and counsel for R2 Plumbing and Cherry Valley Concrete are each allotted up to fifteen (15) minutes for opening statements.

3. Counsel for BCC and The Venue are each allotted thirty (30) minutes for closing arguments, of which BCC may reserve up to fifteen (15) minutes for rebuttal, and counsel for R2 Plumbing and Cherry Valley Concrete are each allotted (15) minutes for closing arguments.

4. The trial shall run from Monday, September 9, 2024, through no later than Thursday, September 19, 2024, with a conference at 8:30 a.m. on Monday, September 9, 2024, followed by jury selection before the lunch recess and opening arguments after the lunch recess.

Presentation of evidence shall begin on the afternoon of Monday, September 9, 2024, and shall conclude before or shortly after the lunch recess on Thursday, September 19, 2024, with jury instructions and closing arguments that afternoon.

6. BCC and The Venue shall each have eighteen (18) hours for presentation of evidence, and R2 Plumbing and Cherry Valley Concrete shall each have six (6) hours for presentation of evidence. BCC may reserve up to four (4) hours of its time to present rebuttal evidence, and if BCC does so, The Venue may reserve up to one-half the amount of time BCC reserves for cross-examination of rebuttal witnesses. R2 Plumbing and Cherry Valley Concrete may each reserve up to one hour but not to exceed one-half the time BCC reserves for cross-examination of rebuttal witnesses.

7. In the event any party wishes to file a motion seeking to change anything in this order, the party is required to first consult with all parties involved and see if they can collectively come to an arrangement that will meet the Court's time expectations and has the agreement of all parties.

Dated this 12th day of August, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge